

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Stanford Payne, Deputy Supervisor
Oil and Gas Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-3017

Re: Does the order of the Railroad
Commission, Oil and Gas Docket
No. 20-1185, authorize the fil-
ing of motions for rehearing
within 15 days from the date of
promulgation or adoption of any
such order, inclusive of Sundays
and holidays, or exclusive of
Sundays and Holidays?

This will acknowledge receipt of your letter
wherein you request an opinion of this department as to
whether or not the order of the Railroad Commission,
Oil and Gas Docket No. 20-1185, authorizes the filing
of a motion for rehearing within 15 days from the date
of promulgation or adoption of any such order, inclusive
of Sundays and holidays or exclusive of Sundays and holi-
days.

After a careful study of the cases, we have
reached the conclusion that judicial construction of
statutes and of rules of practice and procedure, upon
similar questions, has resulted in the courts of the
State reaching the following decisions and conclusions.
First, that in computing time "from" a specified day or
event, the rule is that the day of the entry of the or-
der should be excluded, and the last day, or in the pres-
ent case, the 15th day which is mentioned in the order,
should be included in the computation of the days. Fur-
ther, that in computing the time within which an act is

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Stanford Payne, page 2

required to be performed, when said time is of such a prolonged period that weeks are included in the time allowed within which an act is required to be performed, intervening Sundays or holidays are included in the computation. Again, where a statute of the State requires that an act be done within a certain designated number of days, the fact that the last day is a Sunday or other holiday, will not exclude it from the computation, unless the statute itself so provides. (See Patterson v. Terrell, 96 Tex. 509; Hazlewood v. Rogan, 95 Tex. 295; White v. Dennis, 220 S. W. 161; Minor v. McDonald, 104 Tex. 461; Hanover Fire Ins. Co. v. Schrader, 89 Tex. 35; City of Dallas v. Springer, 8 S. W. (2d) 722; Long v. Martin, 112 Tex. 365.

The foregoing judicial pronouncements, however, while properly to be considered as persuasive, are not necessarily binding upon the Railroad Commission in interpreting its own rules of procedure.

The Railroad Commission of Texas, under its legislative grant of power, is not only charged with the duty of enforcing the conservation laws, but is likewise the rule-making body as to proceedings before it. The courts have held that when the Commission acts in its "legislative" capacity, its rules have the same force and effect as a statute. Further, the Supreme Court of the State of Texas has held that the Commission not only has the power to promulgate its rules, but that it has the additional power and authority of interpreting same, that such official interpretation of a rule so made by the Commission becomes a part of the rule itself, and that the rule is susceptible of no other interpretation. The Commission is the instrumentality of the State, exercising delegated legislative powers, and its rules are given the same force as like enactments of the Legislature. See Sun Oil Co. v. Railroad Commission, 68 S. W. (2d) 609, at page 620:

"In the case of West Texas Compress & Warehouse Co. v. Panhandle & Santa Fe Ry.Co. (Tex. Com. App.) 15 S. W. (2d) 558, it is held that interpretations placed by the Railroad Commission on order or rule of the commission become a part of the rule and the rule is susceptible of no other interpretation.

"In the case of Texarkana & Ft. Smith Ry. Co. v. Houston Gas & Fuel Co., 121 Tex. 594, 51 S. W. (2d) 284, 287, it is held that, 'where the commission has officially interpreted its own rules and rate orders, such interpretation should be considered a part thereof.'"

Hon. Stanford Payne, page 3

It is the opinion of this department that the Railroad Commission of Texas, having promulgated the order providing for the filing of a motion for rehearing, and specifying a period of time within which same should be filed, is the final authority vested with the interpretation of such rule, and that once having interpreted the rule, same is susceptible of no other interpretation, and the interpretation given the rule by the Commission becomes a part of the rule itself, and thereafter the Commission, as well as all other parties, is bound by such official interpretation.

Trusting that we have satisfactorily answered your inquiry, we are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   Edgar W. Cale

Edgar W. Cale
Assistant

EWC:LW

APPROVED JAN 8, 1941

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

